— Motion granted upon condition that the plaintiff and those associated with him as officers, stockholders and directors of the defendant company, stipulate that they will not dispose of their stock therein and that no business shall be transacted in any directors' meeting to be held during the continuance of the injunction except the ordinary and usual routine business required to carry on the necessary affairs of the defendant company, and that the defendant company and the plaintiff be restrained from disposing of the property of said company in any way, except in the regular course of its business, whether directly or indirectly, or by the granting of options or other interest in the company's plant, or by consolidation with other corporations or otherwise, and upon the condition that the plaintiff give a suitable bond to secure the defendants against any judgment they may obtain in this action, and the further condition that the appeals from the three orders herein be argued at the next session of the Court of Appeals if consented to by that court; otherwise, the motion is denied. The court allows the appeal from the injunction order, and certifies the question: " Does the amended complaint herein state a cause of action? " Order to be settled before Justice Hinman. H. T. Kellogg, J., not sitting.

Before STATE INDUSTRIAL BOARD, Respondent. ANNA M. CURRY, Respondent, v. AMERICAN RAILWAY EXPRESS COMPANY, Appellant.— Motion denied, with ten dollars costs against the State Industrial Board, on the ground that it does not appear that the State Industrial Board revoked the award previously made, or made a new award " ending, diminishing or increasing the compensation previously awarded " within Workmen's Compensation Law, section 22, or made a " modification or change with respect to former findings, awards, decisions or orders relating thereto," within Workmen's Compensation Law, section 123.

Before STATE INDUSTRIAL BOARD, Respondent. JAMES DOCKERY, Respondent, v. BETHLEHEM STEEL COMPANY and Another, Appellants.— Motion denied, with ten dollars costs against the State Industrial Board, on the ground that it does not appear that the State Industrial Board revoked the award previously made, or made a new award " ending, diminishing or increasing the compensation previously awarded " within Workmen's Compensation Law, section 22, or made a " modification or change with respect to former findings, awards, decisions or orders relating thereto," within Workmen's Compensation Law, section 123.

LEDWITH J. DOWD and Another, Respondents, v. WILLIAM H. HELLAWELL, Otherwise Known as WILLIAM G. TOOHEY, Appellant.— Motion denied, with ten dollars costs.

Before STATE INDUSTRIAL BOARD, Respondent. LAURENCE ESTENICH, Respondent, v. FORT PLAIN IRON COMPANY and Another, Appellants.— Award unanimously affirmed, with costs to the State Industrial Board.

FRIEDELL WINERY COMPANY, Appellant, Respondent, v. THE STATE OF NEW YORK, Respondent, Appellant.— Settlement of proposed order refused.

MORRIS FRIEDMAN and Another, Respondents, v. PHILIP RICHMAN and Another, Appellants.— Motion denied, without prejudice to a renewal of the motion at the next term of the court.

GENERAL CARBONIC COMPANY, Respondent, v. JULIUS BRAUNSTEIN and Another, Appellants.— Order unanimously affirmed, with ten dollars costs and disbursements, and stay vacated, with ten dollars costs.

Before STATE INDUSTRIAL BOARD, Respondent. BINA GILDERSLEEVE and